74,472-05

Certified Number XXXXXXXXXXXXXXXXXXXXXXXXXXXX

USPS Tracking XXXXXXXXXXXXXXXXXXXXXXXXXXXX

## In The Court of Criminal Appeals
## of Texas at Austin, Texas

| | | |
|---|---|---|
| Michael Christpher Wade | § | In The 336th Judicial |
| Vs | § | District Court of |
| State of Texas | § | Grayson County, Texas |
| | § | |

RECEIVED IN
COURT OF CRIMINAL APPEALS

**Motion for Leave to File**
**Application for Mandamus**

NOV 16 2015

Abel Acosta, Clerk

To The Honorable Court of Criminal Appeals Texas.

Now Comes Michael Christopher Wade, Relator Complaining of Grayson County Texas, Pursuant to Rule 211. of the Rules of App--ellate Procedure in Criminal Case's. Moves This Court to Grant This Applicant Leave to File This Application for Writ of Mandamus Tend--ered Contemporaneously with this Motion.

Applicant Prays that The Motion be Granted. The Said Application for Mandamus be filed and Set down for a Hearing that relief Request--ed be Granted and for Other Relief, General and Special Including a Stay of the Proceedings Below, Until the Matters Complained of in Said Application are Cured.

Respectfully Submitted,

Michael C. Wade   Relator Pro-Se

## Certificate of Service

I Hereby Certify that a Copy of The Above Motion for Leave to File Application for Mandamus, was Mailed to the Court of Criminal Appeals of Texas. P.O.Box 12308 Capitol Station, Austin, TEXAS 78711 on This 10 th ,Day of November 2015.

Relator Pro-Se

Page 1

## In The Court of Criminal Appeals of TEXAS
### at Austin,Texas.

| | | |
|---|---|---|
| Michael Christopher Wade | § | In The 336th Judicial |
| Vs. | § | District Court of |
| State of Texas, | § | Grayson County,Texas |
| Grayson County Judge Presiding, | § | 397th District Court. |
| County District Clerk. | § | |
| (In The Offical Capacity) | § | |

### Application for Writ of Mandamus

To the Honorable Court of Criminal Appeals of TEXAS.

Now Comes, Michael Christopher Wade Applicant and Ask this Court to Issue a Writ of Mandamus to; District Court of Grayson,Texas to Require the Respondent Describe Relief Requested and in Support of This Application would Show the Court the Following;

I.

Applicant was Tried for the Offence of Violation Section 31.03 (e)(4)(a). Texas Penal Code **THEFT $1.500 < $20 K.** In a Case Styled, The State of Texas Vs. Michael Christopher Wade No# 046500. In The 336th Judical Disrict Court of Grayson County. The Indictment was Filed in the 336th Judical District Court, which at the Time Relator was Indicted had Jurisdiction Over Proceedings Arising from Both Fannin and Grayson Counties. SeeAct of May/17/1985,69th Leg.R.S.Ch 408 § 1 Sec 24.482 in 2007. The Legislature Limited the Jusisdiction of the 336th Judicial District to Fannin County. See Act of May/28/ 2007. 80th Leg R.S.Ch 1342 § 1 (a) Sec 24.542. 2007 Current Version at Tex Gov't Code Ann § 24.542.
The Legislation Creating The 397th Judical District and Changing the Territorial Limits of the 336th Judicial District Directed that Case's from Grayson County that were Pending in the 336th on January/1/2010 be Transfered to the 397th District Court and Allowed the Transfer

page 2

of any Case's from Grayson County Pending on or After September/15/ 2008 to the 397th. Act of May/28/2007. 80th Leg R.S. Ch1342 § 1(h) sec 24.482,2007 Tex.Gen.Laws.4563. on the 28th Day of February 2000 Cause No# 046500. was Called for Trial. Christopher Wade Pleaded, **Not Guilty.** The Jury Found the Defendant, **Not Guilty** of Violation Sec 31.03 (e)(4)(a) Texas Penal Code **Theft $1.500 < $20 K** as Charged in the Indictment.

**See Attached Documents;**

(1. EXHIBIT (A) Judgement in Cause Number# 046500 **[Not Guilty]**.
(2. EXHIBIT (B) Petition Filed; petition for Expunction of Records for Cause Number 046500,August/20/2015.
(3. EXHIBIT (C) Petitioner Responded to Shelana Brinkley, To the Disrict Court 397th. 9/28/2015.
(4. EXHIBIT (D) A Follow Up Letter was Mailed to the Clerk Requesting that the Orignal Petition for Expungment is filed so a Honorable Judge can Rule on the Petition, 10/15/2015.
(5. EXHIBIT (E) Attached is Affidavit of Indigency,With Proof Trust fund Account Bal $0.09 Cents.

II.

**Request for Relief**

Relator Request in this Application that this Court Direct Re--spondent to file and Rule on Orignal Petition for Expunction, That was Filed August/20/2015.
Expunctions are a Right, Rather a Honorable Judge Grants or Denies the Petition, A Court Clerk has a Duty to File Pleadings so a Pre--siding Judge May Preform his Duty.
There Should be a Hearing and a Ruling,Rather a Relator is Indigent or Not. This County is Abusing it's Authority Denying Access to the Courts Presiding Judge.
If the Orignal Petition to Expunge Record was Denied, The Next step would be The Right To Appeal.

III.

This Court has Jusisdiction to Consider this Application Pursuant to

Art.55 of the Texas Constitution and Artical 4.04 of the Code of Criminal Procedure See **Padilla V.McDaniel 122.S.W.3d 805,807(Tex. Crim.App.2003); Holmes V.Denson 671. S.W.2d 896(Tex.Crim.App.June. 27.1984).**

IV.

## Authorities and Argument

In Writ of Mandamus have Held that a Trial Court has a Minis--terial Duty to [TIMLY] Rule on; **Expunction of records.** See **Heine V. Texas DPS 92 S.W.3d 642,649(Rex.App.Austin.2002)Pet Denied.**The Trial Court is Required to set a Hearing on a Petition for Expungment. Individuals who are Incarcerated,Do Not Automatically Loose Their Access to the Courts, As a Result of their Incarcerated Status. The Right to Expunction is a Statutory Privilege. TEXAS Code of Crim--inal Procedure Art 55.01 Right to Expunction (a) A Person who has been Placed under a Custodial or NonCustodial Arrest for Commission of Either A Felony or Misdemeanor is Entitled to have ALL RECORDS and FILES Relating to the Arrest Expunged If;

(1). **The Person is Tried for the offence for which the Person was Arrested and is:**

(A). **Acquitted by the Trial Court.**

See, EXHIBIT (A) Judgement Number# 046500.

We The Jury find the Defendant, MICHAEL CHRISTOPHER WADE **Not Guilty** of Violation Section 31.03 (e)(4)(a) TEXAS Penal Cose **Theft $1.500 <** $ 20K as Charged.

There is No Reason why Relator Cannot Receive A Court Order to Expunge the Records. That is a Statutory Privilege. Tx.Code.Crim.Proc.55.01 and 55.02.

Once a petition Arives to a Court, The Clerks Duty is to Place on Dockett Call as of there own Ommission, The Petition was filed, August/20/2015. Violating the 30 Day Rule for Expunction of Records· It is the Courts Duty. **TEXAS DEPARTMENT of PUBLIC SAFETY V. Deck. 954 S.W 2d.108(Court of appeals of Texas.1997)**

Clerks Duty 2.01 is to File Motions/Petitions. In RE **Taylor 39 S.W. 3d 406,414(Tex.App.Waco.2001).** and **Re Salazar 134.S.W. 3d 357,358 (Tx. Waco 2003).**

The Respondent in there Capacity as District Clerk of Grayson County Texas. Has and Presiding Judges has a Ministeral Duty to Receive and file Papers in Criminal Proceedings or Civil and Perform All Other Duties Imposed on the Clerk by Law, Pursuant to TCCP.Art.2.21 Appear--ing the Orignal Petition for Expungment of Records,Was Not Set for Doccett Call. To Date the Orignal Petition has Not Been Viewed or Ruled om the "MERITS" That Relator is Entitled to.

Mandamus is Avalable to compel Action on the Part of those Charged with a Positive Duties by Virtue of Their Offical Position. **Hogan V. Turland 428.S.W.3d 316(1968).**

There are Generally Three Reqursities for a Writ of mandamus.A Legal Duty to Preform, A Non-Discretionary Act, A Demand for Performance and a Refusal to Preform. See **Bantuelle V Renfroe 620 S.W.2d 635 (Tex.App.Dallas.1981).**Writ,Red.D.N.RE; The Court of Criminal Appeals Stated IN; **Texas Board of pardons and Paroles V.Miller 590.S.W.2d 142(Tex.Crim.App.1979).**Entitlement to a Writ of Mandamus,Must be shown to be Clear and Indisputable, Unequivocal,Abundantly Clear. **Knowles V. Scofield 598.S.W.2d 854,860(Tex.Crim.App.1980).** Relator Shows that the Act Sought to be Compelled is Strictly Ministerisal in Nature and There is No Adequate Remedy at Law to Redress the Alleged Harm. See **Aranda V.Dist. Clerk 207 S.W.3d 785,786(Tex.Crim.App.2006)(Per Curiam)(Orig Proceedings).**

In Proper Case's Mandamus May issue to Compel a Trial Court to "ACT". In RE **Blakeney 254 S.W.3d 569,661(Tex.App.Texarkana.2008)(Orig Pro--ceedings)** ; also See **Elilily & Co.Marshall 829 S.W.2d 157,158(Tx. 1992).** Trial Court Abuses Discretion by Refusing to Conduct Hearing and Render Decission on Petition for Expunction of records. **Chiles V. Schuble 788 S.W. 2d 205,207(Tex.App.Houston.14th.Dist.1990).**

Mandamus Appropriate Remedy to Require Trial Court to Hold Hearing and Exercise Discretion. Trial Courts are Not Required to Consider or Rule on Petitions unless the Petition is Called to the Courts Attention. **Blakeney 25 S.W.3d. at 662** Relation Called Future Delay to Respond to the Petition as Shown in EXHIBITS ATTACHED.

Pursuant to Statutory Law, A Right has Been Shown in Exhibit(A) **Not Guilty** and Attached Indigency Statues, The Court Should Still file the Petition.

Mandamus Relief Should be Granted, Relator has Demonstrated that (1) The Act Sought to be Compelled is Purely Ministerial and (2) The rela-

-tor has No other Adequate Legal Remedy. Court of Criminal Appeals Defined the Ministerial Act Requirement to be One in which The re--lators, has a Clear and Disputable Right to the Relief Sought and the merits of it's Legal Position are Beyond Dispute. See **Neveu V. Culver 105 S.W.3d. 641,642(Tex.Crim.App.2003)(Citing State Ex Rel Rosenthal V.Poe 98 S.W.3d 194,198(Tex.App.2003)** Also **State Ex.Cel Eykos V.Fine 330. S.W.3d 904,907(Tex.Crim.App.2011).**
All Requirements have been Met Under Tex.R.App.P.52. 3(K)(1)(a) In Exhibits (A)(B)(C)(D)(E). The Trial Court has to Rule on Original Petition for Expungment.

## V.

(1. Relator has No Other Legal Remedy Available to him Other than this Application for Mandamus.

(2. This Action Sought is under the Facts of this Case, In Essence A Mere Ministrial Act. Which Respondent has a Legal Duty to Preform.

(3. Relator has Properly Requested Respondent to Preform which Respondend has Refused to Answer Petition for Expungment and Formal Requests.

[EXHIBITS ATTACHED] Are Exactly What was Filed in the Court.


Wherefore, Premises Considered, Relator Prays that this Application be Granted and that Respondent be Ordered to Rule on the Petition to Expunge Records.

Respectfully Submitted,

Applicant Pro-Se

**STATE OF TEXAS**

<u>Affidavit Verfication</u>

Before Me The Undersigned Authoroty on this Date Personally Appeared Applicant who Upon Being Dully Sworn, Did Dispose and State;

    My Name is Michael Christopher Wade (Relator) Who States for the Record," That The Documents are Verified Fact and Petition Presented are True and Correct. Proof of Service to All Parties, Affidavit of Indigency are Attached and Judgement.

                              Respectfully Submitted

                              Relator   Pro-Se

      Under Penitlies of Perjury 28 USC 1746. Tx.Civ.Prac & Reme. Code.Ann § 132.001(a) (West.Supp.2014).
Subscribded and Sworn to Before Me the Undersigned Authority by said Applicant, on this _10th_ day of November,2015.

page 7

AFFIDAVIT IN SUPPORT:

## PROOF OF SERVICE TO ALL PARTIES

The right to Expunction is a Statutory Privilege, All Provisions Have Been Met.

**The Right to Expunction ART 55.01**

The Trail Court is Required to Set a Hearing on petition for Expunction SEE Heine V.Texas D.P.S. 92 S.W.3d 642,649(Tex.App.-Austin 2002).

The Expunction Statue Artical 55.01 ET.Seq of the TEXAS Code of Criminal Procedure does Not Require that the Law Enforcement Agencies be Served with the Expunction Petition Concevably Because an Expunction hearing is an Exparte Proceedings.

See Barry P.Helft and John M.Schmolesky, Teaxs Criminal Practice Guide § 11.03[1] (1996).

However, The Statute does compel the Court to Notify the LAW ENFORCEMENT AGENTIES LISTED IN THE EXPUNCTION PETITION OF THE EXPUNCTION HEARING. The Court Shall Set a Hearing on the Matter No Sooner that 30 Day's from the Filing of the Petion [AND SHALL GIVE REASONABLE NOTICE OF THE HEARING TO; Each Official or Agency or other Entity Named in the Petition by Certifyed Mail,Return recipt Requested....].

**TEXAS.CODE CRIM.PROC.ANN.ART 55.02 § 2(Vernon.supp.1997).**

The Procedure Listed in artical 55.02 are Mandatory. This Court Has Jurisdiction because this Agency is the Arresting Agency, By Grayson County Sheriffs Department,Sherman TEXAS . Which involks Jurisdiction by Complying with ART 55.02.

**It is up to the Clerk to Notify all Parties at this time,** Michael Christopher Wade **,Respectfully request, All parties to be served.**

Pursuant to Texas Rules of Civil Procedure & title 6 Chapter 132 of the Civil Pratice and Remedies code under Penalty of Perjury, Excuted on this 10th day of November 2015.

RESPECTFULLY SUBMITTED

page 8

## ORDER

On This Day Came on to be Heard the Forgoing Applicant for Writ of Mandamus and it Appears to the Court that the Same should Be:

GRANTED_____.

It is therefore Ordered That the Custodion of Records Should Photo Copy and Mail to Applicant In the Interest of Justice.

Signed on this The _____Day of_____, 2015.

_____
Honorable Judge Presiding

CRETA LYNN CARTER II    Fax:903-893-5544        Mar 17 '00   11:45    P.02

NO. 046500

| | | |
|---|---|---|
| THE STATE OF TEXAS | * | IN THE 336TH JUDICIAL |
| VS. | * | DISTRICT COURT OF |
| MICHAEL CHRISTOPHER WADE | * | GRAYSON COUNTY, TEXAS |

## JUDGMENT

On this the 28th day of February, 2000, this cause was called for trial, and the State appeared by her County Attorney, and the Defendant, MICHAEL CHRISTOPHER WADE, appeared in person, his counsel, CRETA LYNN CARTER II., also being present, and both parties announced ready for trial, and the Defendant, MICHAEL CHRISTOPHER WADE, in open court pleaded not guilty to the charge contained in the indictment herein; thereupon, a jury, to-wit: [(b)(7)(C)] and eleven (11) others, were duly selected, impaneled, and sworn, who, having heard the indictment read, and the Defendant's plea of not guilty thereto, and having heard the evidence submitted, and having been duly charged by the Court, retired in charge of the proper officer to consider of their verdict, and afterward were brought into open court by the proper officer, the Defendant and his counsel being present, and in due form of law returned into open court the following verdict, which was received by the Court, and is here now entered upon the Minutes of the Court, to-wit:

"We, the jury, find the defendant, MICHAEL CHRISTOPHER WADE, not guilty of Violate Section 31.03(e)(4)(A) Texas Penal Code THEFT >=$1,500 <$20K as charged in the Indictment."

/s/ Shonna Lindsay
Foreman

IT IS, THEREFORE, CONSIDERED AND ADJUDGED by the Court that the Defendant, MICHAEL CHRISTOPHER WADE, be immediately discharged from all further liability upon the charge for which he has herein been tried, and that he go hence without delay.

SIGNED AND ENTERED this 1th day of March, 2000.

FILED FOR RECORD
BY_

00 MAR -6 AM 11: 38

CYNDI M. SPENCER
DISTRICT CLERK
GRAYSON COUNTY

Judge Presiding

Wade, Mike                    Disposed                    Defense Attorney
1346 Woodbridge Cr            Filed: 09/15/1999            Carter II., Creta Lynn
Chesterfield,Mo 63005

            Date                                                Volume        Page

                              Charge Information

  02/26/99     (23990004)                State Felony
               Theft >=$1,500 <$20K

                          Disposition Information

  02/28/00    Sentence Commensed
  02/28/00    Sentence Imposed
  02/28/00    Disposed:  Jury Trial Not Guilty                   57J          19

              Jury Trial:  Yes


F1-Exit                                                          F8-Next

CAUSE NUMBER,_____.

Exparte

Michael Christopher Wade

§
§
§
§
§
§

In the 336th Judicial
District Court of
Grayson County,Texas

## PETITION FOR EXPUNCTION OF RECORDS

To The Honorable Judge of said Court;

Comes Now, Michael C.Wade, Appering Pro-Se and Petitons
This Court to Order the Expunction of ALL RECORDS and FILES Arising
out of Petitioners Charge, IN THE 336th Judical District Court of
Grayson County,Texas. Cause Number # 046500 and in Support of this
Petiton would show the Court the following;

I

Petitioner is a white Male whose Full Name is, Michael C.Wade.
Petitioner was born on December/30/1966 and his Social Security
Number is 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.

II

## JURISDICTION

Petitioner Involks Jurisdiction of the Court by Complying with
Artical 55.01 and artical 55.02 Tex.Code of Criminal Procedure.
Requesting an Order of Expunction for Records and files for Cause#
046500 Formal Arrest was Made By G.C.S.O         Grayson County,Texas.
Grayson co Shriffs Office.

III

Affidavit of Indigency Declaration of Inability to pay cost is
Attached on the page 4 of this Petition. Petitioner Moves this Court
to Proceed, UNDER Indigency Status.

page 1

On Feb/26/1999 Petitioner was served with a copy of the Indictment/Information in Cause # 046500. In Lieu of Formal Arrest or By Arrest, **G.C.Shriffs** Petitioner was Charged with Committing the Offence of theft $1.500 < $20.000 **Felony.** On Feb/26/1999 and Cause Number # 046500 was filed Against Petitioner in the County Court of Grayson County, Texas.

\* Artical 55.01(a)(2) to be entitled to Expunction when Criminal Charges are Dis-Missed.
\* Artical 55.01(a)(ii) Indictment Dis-Missed. Part(b) the Charge Did Not Result in a Final Conviction.
\* Tex.Code.Crim.Proc.Ann.Art 55.01(a)(2)(Vernon Supp 2003). "The Right to Expunction is a Statutory Privilage. In RE A.R. 225. S.W.3d 643,646(Tex.App-El Paso 2006 no pet). Artical 55.01 (a)(1)(a) **ACQUITTED BY THE TRAIL COURT.**

Attached is Strict Proof, Judgement Cause # 046500, **"WE THE JURY, FIND THE DEFENDANT MICHAEL CHRISTOPHER WADE [NOT GUILTY]** of Violation Section 31.03(e)(4)(a) Texas Penal Code **THEFT $1.500 < $20.000 as Charged in the Indictment.**

Jury Trail [Not Guilty] Feb/28/2000.

Petitioner Respectfully Enters Exhibit (a)and(b) This Musters Art.55.01 and Art55.02 RIGHT TO EXPUNCTION. Burden of Proving that All of the Statutory Requirements are Satisfied. SEE Exparte Wilson 224 S.W.3d 860.(App 6 Dist.2007) also T.D.P.S V.J.H.J. 274 S.W.3d 803(App.14.Dist.2008).

The Expunction Statue 55.01.E.T.Seq of the Texas code of Criminal Procedure, Does Not Require that the law Enforcement Agencies be Served with the Expunction Petition. [Conceivably because, An Expunction hearing is An; Exparte Pro- =ceeding. See Barry P.Helft & John M.Scholesky,(1) Texas Criminal Practice Guide § 11.03 [1](1996).

However the statue does Compel the Court to; Notify the Law Enforcement Agencies listed in the Expunction Petition of the Expunction hearing.

The Court Shall Set a Hearing on the Matter No Sooner than Thirty Days From the Filing of the Petition and Shall give a Reasonable Notice of the hearing to each Official or Agency or Other Entity Named in the Petition By Certified Mail, Return Receipt requested.
Tex.Code.Crim.Proc.Ann.Art 55.02 § 2(Vernon Supp 1997).
**Artical 55.02 are Mandatory.**

Petitioner Request that The Trail Court make written Findings of Fact and Conclusions of Law, Pursuant to Tex.R.CPV.P.296.


Petitioner has reason to believe that the Following Agencies Officials or Other Public Enities of this State have Records Concerning the Charge in Cause Number # 046500.

(1    Texas board of Pardons and Paroles, P.O.Box 13401 Capital Sta
      Austin, Texas 78711-3401
(2    Texas Department of Public Safty P.O.Box 4087
      Austin, Texas 78773-0001
(3    Teaxs Department of Criminal Justice [Internal Affairs Div]
      P.O.Box 4003 Huntsville, Texas 77342-4003
(4    Texas Department of Criminal Justice [Parole Division]
      P.O.Box 13401 Capitol Station  Austin, Texas 78711-3401
(5    Texas  department of Criminal Justice[ Classfication and
      Records office] P.O.Box 99 Huntsville, Texas 77342-0022
(6    Grayson county District Clerk, Kelly ashmore  200 S. Crockett
      Sherman, Texas 75090
(7    Sherman P.D  317 S.Travis Street  Sherman, Texas 75090
(8    Federal Bureau of Investigations  1000 Custer Hollow RD
      Clarksburg W.V. 26306-0001
(9    ALL Agencies that have Custody of Paper Work Attached to this
      Cause Number # 046500.

# AFFIDAVIT OF INDIGENCY

Texas rules of Civil procedure,
title 6,chapter 132,texas civil
Practice and remedies code.

**NOW RESPECTFULLY** comes Michael C.Wade .T.D.C.J.# 1571415 presently at the Stevenson unit in cuero(dewitt county)Texas, 77954-6300. I declare that I am unable to pay the court cost in this request to the court, and requests leave of the court to pro--ceed- **In Forma Pauperis-** in this accompanying request and action while showing the court the following;

(1) I am presently incarcerated in the Texas Department of Criminal Justice-Correctional Institution Division where I am not permitted to handle Money; and

(2) I have no Source of income and do not recieve pay;and

(3) I currently have $ 0 . 9 Cents Dollars Creited to me in the T.D.C.J. Inmate Trust fund;and

(4) During my incarceration in the texas department of Criminal Justice - Correctional Institution Division, I have Approximately $ 0 . ___ Dorrars per month as as Gifts from Relatives and friends,and

(5) I neither own nor have an interest in any realty,stocks bonds or bank accounts, and,I receive no interest or dividend income from any source;and

(6) I have 0 dependants;and

(7) I have total debts of approximately $ 0 . ___ dollars; and

(8) I owe $ 0 . ___ in restitution;and

(9) My monthly expenses in Hygiene and Medical expenses are approximately $ 0 . ___ dollars.

I, Michael C.wade .T.D.C.J.# 1571415 ,being presently incarcerated at the Stevenson unit, Located at 1525 FM 766,Cuero,Tx 77954-6300 (361) 257-2075,Declare and Verify under penalty of perjury that the foregoing statements in this Affidavit of Indigence are True and Correct.

**EXECUTED on this 17 day of August ,2015.**

Signature of Declarant,Pro Se

**NOTE:**

Amendments to the Texas Civil Practice & Remedies code §132.001, Now Allows Any Party to use an Unsworn Declaration instead of an affidavit or Verification (2012).

Affidavit of Indigence
Pro Se,Self-Representing Litigant          Page 4

Location...: 0711 - 01                    Commissary & Trust Fund                              Date: 7/29/15
Salesperson: RC00024                          STEVENSON UNIT                                  Time: 11:35:12
                                        Commissary Purchase.Receipt                           Page:    1
Purchaser: WADE,MICHAEL CHRISTOPHER                                           Housing: K-2        CELL17
D Number: 01571415             Beginning Account Balance:        $.09    Begin Spend Limit:       $.09
tem Number    Item Description         Unit Price    Quantity   Ext.Amt   Class           Spend Limit


                            * No Records to Print *

                            Transaction Total:          $.00
          Sales Tax included in above amount:           $.00
                        Ending Account Balance:         $.09    End Spend Limit:        $.09

          SIGNATURE:_____THUMBPRINT_____
                  ALL SALES FINAL!!!!!!!!!~ NO REFUNDS OR EXCHANGES!!!!!!!!!!


                                       page 5

Pursuant to Chapter 55 of the code of Criminal Procedure, Petitioner is entitled to have All Records and files Concerning the Charge in this Case EXPUNGED for the following Reason;

The aforementioned Offence on Feb/28/2000 Cause Number # 046500 was [DIS-MISSED], Disposed by Jury Trail [NOT GUILTY]. Wherefore, The Petitioner Prays the Court;

(1    To Set this Matter for a Hearing.

(2    To Give Reasonable notice of the Hearing to Each Offical Agency or Other Public Entity Named in paragraph, Page 3 of this petition, Pursuant to Artical 55.02 Section 2 of the Texas Code of Criminal procedure.

(3    After the Hearing of this Matter, to order Each Official Agency or Other Public Entity that there is Reason to Believe Records or files Concerning the Charge in cause Number #046500

a.    Return All Records and Files Concerning the Arrest to the Court or if Removal is Impracticable, Obliterate All References to Petitioner, and

b.    Request each Central Federal Depository to which it Supplied Information Concerning the Charge Agenst Petitioner to return All Such Records and files to the Court, Or if Removal is Impracticable to Obliterate ALL References to Petitioner and Notify the Court of it's Action.

c.    Delete from It's public records, All index References to the Above-Mentioned Charge Against Petitioner.

(4    To Direct the Clerk of the court to send a Certified Copy of the Order by Certified Mail, Return Receipt requested, To the Department of Public Safty and to each Official agency or Other Entity Named on Page 3 of this Petition, and to direct the Department of public safety to Send to each Central Federal Depository an Explanation of the Effect of the Order as well as a request for the return or Destruction of the records held by the Central Federal Depository.

(5    To return to the Petitioner ALL Records, Files and Notifi-
-cation of the Disposition of records and files returned
to the Court pursuant to it's Expunction Order Within a
reasonable time of receipt of Same.

Wherefore Premises Considered, Applicant  Prays that this Expunction
be Granted for Relief.

RESPECTFULLY SUMITTED

Michael C.Wade 1571415    Pro-Se
Stevenson unit
1525 Fm 766
Cuero,Texas 77954

AFFIDAVIT IN SUPPORT:

## PROOF OF SERVICE TO ALL PARTIES

The right to Expunction is a Statutory Privilege, All Provisions Have Been Met.

**The Right to Expunction ART 55.01**
The Trail Court is Required to Set a Hearing on petition for Expunction SEE Heine V.Texas D.P.S. 92 S.W.3d 642,649(Tex.App.-Austin 2002).

The Expunction Statue Artical 55.01 ET.Seq of the TEXAS Code of Criminal Procedure does Not Require that the Law Enforcement Agencies be Served with the Expunction Petition Concevably Because an Expunction hearing is an Exparte Proceedings.
See Barry P.Helft and John M.Schmolesky, Teaxs Criminal Practice Guide § 11.03[1] (1996).
However, The Statute does compel the Court to Notify the LAW ENFORCEMENT AGENTIES LISTED IN THE EXPUNCTION PETITION OF THE EXPUNCTION HEARING. The Court Shall Set a Hearing on the Matter No Sooner that 30 Day's from the Filing of the Petion [AND SHALL GIVE REASONABLE NOTICE OF THE HEARING TO; Each Official or Agency or other Entity Named in the Petition by Certifyed Mail,Return recipt Requested....].
**TEXAS.CODE CRIM.PROC.ANN.ART 55.02 § 2(Vernon.supp.1997).**
The Procedure Listed in artical 55.02 are Mandatory. This Court Has Jurisdiction because this Agency is the Arresting Agency, By Grayson County Sheriffs Department, Sherman,TEXAS . Which involks Jurisdiction by Complying with ART 55.02.

**It is up to the Clerk to Notify all Parties at this time,** Michael Christopher Wade **,Respectfully request; All parties to be served.**

Pursuant to Texas Rules of Civil Procedure & title 6 Chapter 132 of the Civil Pratice and Remedies code under Penalty of Perjury, Excuted on this 17 day of August, 2015.

RESPECTFULLY SUBMITTED

COPY......

EXHIBIT (C)                              EXHIBIT(C)

| | | | |
|---|---|---|---|
| Kelly Ashmore,District Clerk | § | ExParte | District Court |
| Shleana Brinkley, Deputy Clerk | § | Michael Wade | in the 397 th |
| Grayson County,Texas | § | CV-15-1294 | Grayson County,TX |
| | § | | |

### PETITIONERS RESPONCE TO:SHLEANA BRINKLEYS LETTER.

To Honorable Judge of Said Court:

Now Comes Michael C.Wade Pro-Se for good Cause Shows the Following:

On September/21/2015. I Received a Letter from you Stating,My Expunction -ion was Filed on Augest 20th,2015 Case Number is CV-15-1294 in the 397 th District Court with Judge Brian Gary.

I would like to bring to the Courts Attention in the Orignal Petition for Expunction and Proper Documents Meeting the Statutory Requirement of Texas Code of Criminal Procedure 55.01 and 55.02 is a Right,Not a Prialge. The Charges Requesting to be Expunged was; **Dismissed,NOT GUILTY,Acquitted Verdict** Artical 55.01(a).

The Petition for Expunction was in Order with Facts See**Heine V.Texas DPS 92 S.W.3d 642,649(Tex.App.Austin 2002).**

The Trial Court is Required to set a Hearing on Petition for Expuction. [I]E You are Claiming,I Still Need to Forward Further Documents for a Hearing Order. And by the O'Conners Tx.Code of Criminal Procedure, I Have Met Strict Proof of 55.01 If there is Not a Hearing Required and a Order to Expunge is Granted to expunge without a Hearing,Petitioner would be Satisfied.

Petitioner Request a Ruling on Orignal Petition for Expungment, Cause Number CV-15-1294.

Petitioner Request a More Defined Statement to What Further Documents would be Needed for a Hearing If Needed.

Petitioner States for the Record that ALL Necassary Documents and Order was Attached to the Orignal Petition for Expunction of Records.

Wherefore,Premises Considered Petitioner Prays the Orignal Petition is Ruled on and that a Responce is Provided to this Petitioners Re- -sponce in STATES LETTER is Responded to.

RESPECTFULLY. _____

page 1

## CERTIFICATE OF SERVICE

I Hereby Certify that a copy of the Above Responce
to Shleana Brinkleys Letter,Deputy District Clerk
of Grayson County, was Mailed to District Clerk,Kelly
Ashmore at 200 South Crockett Ave, STE 120-A. Sherman,
TEXAS 75090 on this 17th Day of Augest.2015.

_____
· Petitioner Pro-Se

**ORDER**

On This Day Came on to be Heard the Forgoing

Responce to Deputy District Clerks Letter,

Shleana Brinkley and it Appears to the Court

That the Orignal Order for Expuction of Records

be Set for Doccett Call where it can be Ruled

on, It appears to the Court that the same should

be,

_____GRANTED

Signed on this the _____day of _____2015.

_____

Honorable Judge Presiding.

Kelly Ashmore, District Clerk

Shleana Brinkley, Deputy Clerk

200 south Crockett Ave, STE 120-A

10/15/2015

Sherman, TEXAS 75090


Dear Mrs Kelly Ashmore,

     I would like to Know what is Going on with My Expungment order I Filed with you court ? The Petition was Marked filed on Augest/20/15 by you on ommission but I have yet to hear back from you on that Matter or the Letter your Deputy Clerk sent Stating i Needed more Paper work to send to have it set for Court ? Still no responce from your Office on Either Matter. Could you Please let me Know Something on this Issue at Hand ?


                       Thank you,


                           _____

                           Michal C. Wade

copy

# AFFIDAVIT OF INDIGENCY

Texas rules of Civil procedure,
title 6,chapter 132,texas civil
Practice and remedies code.

**NOW RESPECTFULLY** comes Michael C.Wade .T.D.C.J.# 1571415 presently at the Stevenson unit in cuero(dewitt county)Texas, 77954-6300. I declare that I am unable to pay the court cost in this request to the court, and requests leave of the court to pro--ceed- **In Forma Pauperis-** in this accompanying request and action while showing the court the following;

(1)   I am presently incarcerated in the Texas Department of Criminal Justice-Correctional Institution Division where I am not permitted to handle Money; and

(2)   I have no Source of income and do not recieve pay;and

(3)   I currently have $ 00 .09 Dollars Creited to me in the T.D.C.J. Inmate Trust fund;and

(4)   During my incarceration in the texas department of Criminal Justice - Correctional Institution Division, I have Approximately $ 00 . 09 **Dollars** per month as as Gifts from Relatives and friends,and

(5)   I neither own nor have an interest in any realty,stocks bonds or bank accounts, and,I receive no interest or dividend income from any source;and

(6)   I have 0 dependants;and

(7)   I have total debts of approximately $ 00 .00 dollars; and

(8)   I owe $ 00 .00 in restitution;and

(9)   My monthly expenses in Hygiene and Medical expenses are approximately $ 00 .00 dollars.

I, Michael C Wade .T.D.C.J.# 1571415 ,being presently incarcerated at the Stevenson unit, Located at 1525 FM 766,Cuero,Tx 77954-6300 (361) 257-2075,Declare and Verify under penalty of perjury that the foregoing statements in this Affidavit of Indigence are True and Correct.

**EXECUTED on this** 10th **day of** November ,2015.

Signature of Declarant,Pro Se

**NOTE:**
Amendments to the Texas Civil Practice & Remedies code §132.001, Now Allows Any Party to use an Unsworn Declaration instead of an affidavit or Verification (2012).

Affidavit of Indigence
Pro Se,Self-Representing Litigant        page 8

EXHIBIT (E)                                                          EXHIBIT(E)

Location...: 0711 - 01              Commissary & Trust Fund              Date: 7/29/15
Salesperson: RC00024                    STEVENSON UNIT                   Time: 11:35:12
                                  Commissary Purchase.Receipt            Page:    1
Purchaser: WADE,MICHAEL CHRISTOPHER                           Housing: K-2        CELL17
D Number: 01571415              Beginning Account Balance:    $.09  Begin Spend Limit:   $.09
tem Number   Item Description        Unit Price   Quantity  Ext.Amt  Class      Spend Limit


                            * No Records to Print *

                      Transaction Total:           $.00
           Sales Tax included in above amount:     $.00
                   Ending Account Balance:         $.09    End Spend Limit:      $.09

           SIGNATURE:_____THUMBPRINT_____
                  ALL SALES FINAL!!!!!!!!!- NO REFUNDS OR EXCHANGES!!!!!!!!!!

page 9